IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Floyd Anthony Dingle, Jr. #14864, | ) | Case No.: 4:26-cv-01018-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Coty Thibodeau, Steven Tindal, | ) | |
| Theresa Tindal, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) The Report recommends that Plaintiff Floyd Anthony Dingle, Jr.'s claims under 42 U.S.C. § 1983 be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, without issuance and service of process, and that the Court decline to exercise supplemental jurisdiction over any possible state-law claims against Defendants Steven Tindal and Theresa Tindal.

A.    **Background**

Plaintiff Floyd Anthony Dingle, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the Florence County Detention Center. Plaintiff

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

filed this civil rights action under 42 U.S.C. § 1983 against Defendants Coty Thibodeau, Steven Tindal, and Theresa Tindal. (DE 1.) Plaintiff alleges that Steven and Theresa Tindal, whom he identifies as associated with Black Cat Bail Bonds, pursued him in a vehicle during an incident that resulted in collisions. Plaintiff alleges the pursuit was personal, that the Tindals should have been charged, and that they lied to Defendant Thibodeau about the location of the collisions.

Plaintiff also sues Defendant Thibodeau, a police officer with the Florence Police Department. Plaintiff alleges that Defendant Thibodeau engaged in intentional deception and fabricated evidence to establish probable cause, which Plaintiff contends resulted in wrongful arrest and malicious prosecution arising from events occurring on or about April 11, 2024. Plaintiff seeks relief under § 1983. Because Plaintiff is proceeding *in forma pauperis* and is a detainee seeking relief from governmental actors or employees, the Magistrate Judge reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A before issuance and service of process.

**B.     Report and Recommendation**

On March 16, 2026, the Magistrate Judge issued the Report presently before the Court. (DE 9.) The Report first notes that, although the Complaint's caption and body refer to Keith Johnson as a second plaintiff, Johnson did not sign the Complaint and Plaintiff, as a *pro se* litigant, may not represent another person in this action.

As to Defendants Steven and Theresa Tindal, the Magistrate Judge concluded that Plaintiff failed to state a claim under § 1983 because the Complaint does not allege facts showing that either Defendant acted under color of state law. The Report explains that Plaintiff's allegations describe the Tindals as private actors and do not plead facts showing that their alleged conduct was fairly attributable to the State. Accordingly, the Report recommends summary dismissal of the § 1983 claims against Steven and Theresa Tindal without issuance and service of process.

As to Defendant Thibodeau, the Magistrate Judge concluded that Plaintiff failed to state a false arrest or malicious prosecution claim. The Report notes that Plaintiff alleges intentional deception and fabrication of probable cause, but public records reflect an indictment related to Plaintiff's charges. The Report further explains that Plaintiff's criminal charges remain pending and have not terminated without a conviction, which is required to state a Fourth Amendment malicious prosecution claim under § 1983. For those reasons, the Report recommends dismissal without prejudice of Plaintiff's § 1983 claims against Defendant Thibodeau.

Finally, because the Report recommends dismissal of all federal claims, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over any possible state-law claims against Steven and Theresa Tindal. The Report advised Plaintiff of his right to file objections.

## C.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections

must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.     Absence of Objections

No objections have been filed. In the absence of objections, the Court need not conduct de novo review and must only satisfy itself that there is no clear error on the face of the record. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After reviewing the Report, the record, and the applicable law, the Court finds no clear error.

### E.     Conclusion

Accordingly, after careful review of the Report and the record in this matter, and finding no clear error, the Court adopts the Report (DE 9) and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and without issuance and service of process. The Court further declines to exercise supplemental jurisdiction over any possible state-law claims against Defendants Steven Tindal and Theresa Tindal.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 11, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.